IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GOLDEN VALLEY** DAIRY, L.L.C., an Idaho limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>**NORTHWEST DAIRY** ASSOCIATION, a Washington corporation, DARIGOLD, INC., a Washington corporation, individually and doing business as WESTFARM FOODS, B.F. "TOY" SMITH, an individual, DOES I through X, and BUSINESS ENTITY DOES I through X,<br><br>        Defendants. | Case No. **10-cv-00069-EJL**<br><br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter are Plaintiff Golden Valley Dairy, L.L.C.'s Motion for Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(2) or, in the Alternative, to Remand and Defendants Northwest Dairy Association, Darigold, Inc. and B.F. "Toy" Smith's Motion to Dismiss with Prejudice. The motions are made pursuant to 28 U.S.C § 1447(c). The matters are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions shall be decided on the record before this Court without oral argument. Dist. Idaho Loc. R. 7.1(d)(1)(ii).

MEMORANDUM DECISION AND ORDER - 1

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this action alleges breach of fiduciary duty and fraud. The claims relate to offers sought by the Plaintiff (Golden Valley) from the Defendants (Northwest Dairy Association, Darigold, Inc. and B.F. "Toy" Smith) requesting "Forward Milk Pricing Contract Offers" for milk produced at Golden Valley's dairies pursuant to the Forward Milk Pricing Contract Program. Golden Valley contends that Defendants deliberately misrepresented the price of milk in order to play the market. Golden Valley seeks actual damages from the result of the breach. Golden Valley filed this action in the Fifth Judicial District Court for the State of Idaho on December 22, 2009. On February 8, 2010, the Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1332, seeking to invoke this Court's jurisdiction in diversity by alleging that Defendant Smith, a resident of Idaho, is fraudulently joined. Golden Valley is now joined as a plaintiff in a separate state action, Case No. CV-08-5403 in the Fifth Judicial District Court. Defendants named in this action are also named as defendants in the state action that contains substantially similar claims to the present action. (Defs.' Opp. to Mot. for Voluntary Dismissal or in the Alternative, to Remand at 3, Dkt. 8.)

Golden Valley filed the present motion seeking voluntary dismissal without prejudice and, in the alternative, remand. In response to the current motion on April 5, 2010, Defendants filed an opposition to Golden Valley's motion and their own Motion to Dismiss with Prejudice, arguing that the parties have a settlement agreement that requires mutual dismissal such that each party will bear its own costs.

## DISCUSSION

### 1. Motion for Voluntary Dismissal

Golden Valley is moving the Court to grant voluntary dismissal pursuant to Rule 41(a)(2) which states that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). There are no counterclaims at issue in this action. A district court should grant such a motion "unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). *See also Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982).

Golden Valley is seeking to dismiss this case so that it can join with other plaintiffs to pursue these claims in the separately filed state court case against these Defendants. Defendants contend that they will suffer plain legal prejudice by losing the heightened federal pleading standard announced in *Twombly* and *Iqbal*. (Defs.' Opp'n to Mot. for Voluntary Dismissal at 8.) The plain legal prejudice alleged by Defendants is the loss of federal procedure, the loss of a federal forum generally and that granting the Rule 41(a)(2) motion would be solely for the purpose of avoiding results adverse to Golden Valley.

Defendants' contentions in this case do not raise the issue of plain legal prejudice. Loss of a federal forum does not amount to plain legal prejudice. *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411 (10th Cir. 1991) (that "the possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice especially when state law is involved.") *See also*, *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). It is also clear that granting a voluntary dismissal in order to avoid a non-dispositive adverse ruling does not amount to plain legal prejudice. *Manshack v. Sw. Elec. Power Co.* 915 F.2d 172, 174 (5th Cir. 1990) (drawing a distinction between procedural rulings and rulings on the merits in voluntary dismissal motions).

An appropriate standard for the instant case is found in *Smith v. Lenches*, 263 F.3d 972 (9th Cir. 2001). In that case the plaintiff, pursuing both federal and state law claims, moved to dismiss its federal complaint under Rule 41(a)(2) in order to file in state court and take advantage of a ruling by the California Supreme Court on the procedural aspects of its action. *Id.* at 974-75. The district court dismissed the federal claims with prejudice and the state claims without prejudice, reasoning that "while a change from federal to state court might create a tactical disadvantage to [defendant], that was not legal prejudice." *Id.* at 976. The only tactical disadvantage that the defendant might have suffered was the loss of procedural protections. *Id.* at 976 ("[Defendant's] asserted loss of certain procedural protections under the PSLRA on federal claims that were dismissed with prejudice is not sufficient to constitute plain legal prejudice to [defendant] in defense of state law claims."). Similarly, in the present case the Defendants argue that the Plaintiff

seeks to avoid the heightened pleading standard in federal court and instead seeks to pursue its claims in state court. While the present case does not contain federal law claims as in *Smith*, in both cases the subject matter of the claims, whether pursued in state or federal court, is exactly the same, with the only difference being the procedural protections that would be afforded in one forum over another. In addition, just as the court in *Smith* was satisfied that whatever plain legal prejudice that the defendant suffered was ameliorated by the dismissal of federal claims with prejudice, Golden Valley has no intention of pursuing federal claims at all and is only in federal court by the Defendants' removal. The interests of justice and judicial economy are served by allowing Golden Valley to pursue a consolidated action with other plaintiffs for the same state law claims. It is clear, therefore, that the Defendants would not suffer any plain legal prejudice sufficient to overcome the presumption in favor of Rule 41(a)(2) motions offered at this stage in the litigation.

Therefore the Defendants have failed to raise any issue of plain legal prejudice the Court will grant Golden Valley's motion for voluntary dismissal.

## 2. Defendants' Motion to Dismiss with Prejudice

It is not necessary for the Court to address the Defendants' Motion to Dismiss with Prejudice as the Court's decision on Golden Valley's motion renders it moot. Any issue involving the existence of a settlement agreement between the parties can be addressed in the state court action. The interests of justice and judicial economy in pursuing a consolidated action overwhelm whatever interest the district court might have in considering the Defendants' contract claim.

**MEMORANDUM DECISION AND ORDER - 5**

## CONCLUSION

The Court has found that the Defendants will suffer no plain legal prejudice as a result of dismissal. The subject matter and parties of the pending state action are the same as this federal action. There are no federal claims or interests at issue in this action. Defendants' contract claims can be pursued in the state action. Therefore, in the interest of judicial economy, Golden Valley's Rule 41(a)(2) motion to dismiss its action will be granted.

## <u>ORDER</u>

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion for Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(2) (Dkt. No. 5) is **GRANTED**.

2) Defendants' Motion to Dismiss with Prejudice (Dkt. No. 7) is **MOOT**. The above-entitled action is **DISMISSED WITHOUT PREJUDICE**.

DATED:  **June 24, 2010**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 6**